IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

STEPHANIE WOODS                                                                          PLAINTIFF

V.                                                                             NO. 3:16CV00044-JMV

COMMISSIONER OF SOCIAL SECURITY                                            DEFENDANT

**FINAL JUDGMENT**

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for a period of disability and disability insurance benefits and supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

Consistent with the court's ruling from the bench during oral argument, the court finds the ALJ's RFC determination is not supported by substantial evidence in the record. First, the ALJ failed to give adequate consideration to the claimant's carpal tunnel syndrome ("CTS"). Indeed, diagnostic testing showed the claimant's CTS was moderate to severe. And, while medical examinations indicated the claimant's CTS was controlled with

medication and wrist splints,[1] the RFC found by the ALJ does not account for the claimant's need to wear the wrist splints.[2]

Second, the RFC found by the ALJ does not include a limitation on *repetitive* reaching, handling, or fingering. The claimant's treating physician and Nurse Barnette both opined the claimant had "significant limitations in doing repetitive reaching, handling, or fingering"; nevertheless, the ALJ gave no explanation for effectively rejecting these opinions, as they were not incorporated in the RFC found by the ALJ. This error by the ALJ was not harmless because the jobs proffered by the vocational expert are designated in the DOT as involving "REPETITIVE or short cycle work." Accordingly, the VE should have been made aware of any limitation against repetitive work.

Third, the Court is not convinced there is support for the ALJ's finding the claimant could occasionally lift 20 pounds. Both Dr. Adams and Dr. Riddell opined the claimant could lift no more than 10 pounds occasionally. And, to the extent the ALJ relied on the opinion of Nurse Barnette, the ALJ failed to give good reasons for giving less weight to the opinions of Dr. Adams and Dr. Riddell in this regard. Fourth and final, the ALJ failed to consider the claimant's reaching limitation. Dr. Adams limited the claimant to only occasional reaching in all directions. The ALJ does not discuss this limitation and gives no explanation for effectively rejecting it.

---

[1] The court notes that Dr. Adams was under the impression the claimant never underwent any diagnostic testing for CTS despite the existence in the record of a nerve conduction study performed in 2006.

[2] It is not apparent from the record that the claimant would have sufficient range of motion of her wrists to perform repetitive and frequent manipulative work while wearing wrist splints.

On remand, the ALJ shall reconsider the claimant's RFC based on all the relevant evidence in the record and obtain supplemental vocational expert testimony, if necessary. The ALJ may conduct any additional proceedings not inconsistent with this Court's order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **REVERSED** and **REMANDED** for further proceedings.

This, the 20th day of October, 2016.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE