# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**STEPHANIE WOODS**                                                      **PLAINTIFF**

**V.**                                          **NO. 3:16CV00044-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                      **DEFENDANT**

## O R D E R AUTHORIZING AWARD OF FEES

Stephanie Woods filed this civil action on March 2, 2016, to appeal the Commissioner's denial of her application for Social Security disability benefits. This court entered a Judgment [17], dated October 20, 2016, that remanded the case to the Social Security Administration (the "Agency") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Before the court is Plaintiff's Motion for Attorney Fees [18] pursuant to §206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1), wherein she requests authorization of a fee award of "$4,044.25 for work performed before the court.

Counsel for Plaintiff reports that after remand by this court, the Administrative Law Judge assigned to the case issued a favorable decision on December 8, 2017. A "status letter" was subsequently sent to Plaintiff's counsel by the Agency on September 1, 2018, stating that $10, 044.25 had been withheld from Plaintiff's past-due benefits in anticipation of a direct payment of authorized attorney fees. The letter further stated that counsel had previously been paid $6,000 by the Agency for work performed before the Agency. As further support for the motion, counsel has provided a copy of a fee contract, wherein Plaintiff has agreed that her counsel has the right to seek as much as twenty-five percent of her past-due benefits for representing her in court.

In her response [19], the Acting Commissioner "declines to assert a position on the reasonableness of counsel's request because the Commissioner is not a true party in interest."

Fees under § 406 are limited to reasonableness and may be no more than twenty-five percent of the claimant's past-due benefits. *See* 42 U.S.C. § 406. Fees under § 406(b) satisfy a client's obligation to her counsel and, accordingly, are paid out of the plaintiff's social security benefits. *See Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir.1994). A contingency fee agreement to pay twenty-five percent of any past-due benefits awarded may set the amount of the § 406(b) award so long as the amount is reasonable under the facts of the case. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 807-08 (2002).[1] The combined fees under §§ 406(a) (administrative fees) and 406(b) (federal court fees) may not exceed twenty-five percent of past-due benefits. *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970).

Having fully considered the record and the applicable law, the court finds that given the contingent nature of the representation in this case; Plaintiff's consent to an award of fees; and the absence of any indication that counsel is not entitled to the requested award, the requested fee of $4,044.25 is reasonable and should be authorized pursuant to § 406(b).

**THEREFORE, IT IS ORDERED** that Plaintiff's motion for attorney fees is **GRANTED**.

This, the 30th day of October, 2018.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE

---

[2]*See also Jeter v. Astrue*, 622 F.3d 371, 379 & n. 9 (5th Cir. 2010).